Dale, Adm'r *de bonis non, etc., v.* Bartley *et al.*

———————◆———————

DALE, ADM'R DE BONIS NON, ETC., *v.* BARTLEY ET AL.

| 58 | 101 |
| o171 | 3ɔ7 |
| 171 | 3ɔ9 |

WILL.—*Descents.*—*Election by Widow.*—*Legacy.*—*Statute Construed.*—*Partial Intestacy.*—*Sale of Land by Executor.*—A testator, leaving no parent or child, died, bequeathing to his widow, absolutely, all of his personalty, and also certain real estate during her life. His will provided, that, after her death, his executor should sell such realty, and divide the proceeds thereof, in specified portions, among certain legatees named. The widow having elected to take under the law, instead of under the will, the executor, during her lifetime, petitioned the proper court for an order to sell such realty for the payment of such legacies, alleging the personalty to be insufficient to realize the required amount.

*Held,* on demurrer to the petition, that, at least as far as relates to the realty, the widow must be held to have rejected the will entirely.

*Held,* also, that she takes one-third of the land in fee.

*Held,* also, that, as to the title to the remaining two-thirds during her life, the testator died intestate, leaving it undisposed of, and that, under section 26 of the statute of descents, she is entitled to such two-thirds during her life.

*Held,* also, that, during her lifetime, no part of such realty can be sold by the executor for the payment of such legacies.

From the White Circuit Court.

*A. W. Reynolds, R. C. Gregory* and *W. B. Gregory,* for appellant.

*R. Gregory,* for appellees.

WORDEN, J.—This was a petition filed by John Christy, executor of the last will of the deceased, asking for an order for the sale of certain lands described, of which the deceased died seized, to pay certain legacies provided for by the will of the deceased, there being an insufficiency of personalty for that purpose.

It is alleged, that the deceased died leaving surviving him his widow Catharine, but no children by her, and certain brothers and sisters, who are named.

It is also alleged, that the widow had elected to reject the provisions made for her by the will, and to take under the law.

The widow, Catharine, filed a demurrer to the petition, for want of sufficient facts, which was sustained by the court, and the petitioner excepted.

Judgment dismissing the petition.

The following is the will of the deceased:

"In the name of the Ruler of all things, I, George R. Bartley, do make and publish this my last will and testament.

"1st. I will and bequeath to my beloved wife, Catharine Bartley, all my personal estate, to be held and owned by her in her own right.

"2d. I will and bequeath to my beloved wife, Catharine Bartley, all my real estate, except as hereinafter provided, to be held and used by her, for her benefit and support, during her natural life.

"3d. At the death of my wife, Catharine Bartley, I desire my executors, hereinafter named, to take charge of my real estate and dispose of the same to the best advantage as soon thereafter as practicable, and, out of the proceeds of such sale, I desire my said executors to pay the following named persons, to wit:

"George Bartley, son of William M. Bartley, Catharine

Bartley, daughter of William M. Bartley, George Parkison, son of William and Mary Parkison, George McColloch, son of Solomon McColloch, George Dodge, son of Charles Dodge, deceased, Catharine Kenton, daughter of William M. and Mary Ann Kenton, and Catharine Hinkle, daughter of George McColloch, and George Bartley, son of Robert and Margaret Bartley, the sum of two hundred dollars each.

"4th. It is my desire, that if any of the parties last above named should not survive me, or should not be living at the time provided for the payment of the legacies above set out, then I desire that the amount hereby bequeathed to any who did not survive, together with any balance that may remain of the proceeds of my said real estate after the payment of my funeral expenses and the expenses of the trust hereby created, be equally divided between my brothers and sisters now living.

"5th. I will and bequeath to my nephew, William I. McEwen, all that part of the south-east quarter of the south-west quarter of .section thirty-three (33) in town twenty-seven (27) north, range three (3) west, lying north of a line to be formed by extending the north line of Ohio street across said forty-acre tract, said Ohio street being in the town of Monticello, White county, Indiana, on the following conditions, to wit: that is to say, provided he shall pay to my wife, Catharine Bartley, the sum of fifty dollars annually during her life.

"6th. I hereby nominate and appoint my esteemed friends, Jonathan Harbalt and John Christy, executors of this my last will and testament."

We will consider the case on the theory assumed by counsel on both sides, viz.: that the testator died leaving no child or children, and no father or mother, though we do not find in the petition any statement that the deceased left no father or mother. Perhaps the statements of the petition are sufficient to show that the testator left no lineal heirs.

It will be seen, that, by the second clause of the will, the testator bequeathed to his wife, for life, all his real estate except as therein provided. We suppose the exception had reference to the tract of land bequeathed, by the fifth clause, to his nephew.

By the third clause, the executors were, after the death of the testator's wife, to take charge of the real estate, and dispose of the same to the best advantage, as soon as practicable, and out of the proceeds to pay the legacies provided for.

The fourth clause provides, that if any of the legatees should not survive the testator, "*or should not be living at the time provided for the payment of the legacies above set out,*" then the amount bequeathed to any who did not survive, together with any residue of the proceeds of the real estate, after paying the expenses mentioned, should go to the brothers and sisters of the testator.

The widow elected to take under the law instead of the will. She was thus entitled to one-third of the land in fee, under sections 17 and 27 of the act regulating descents. 1 R. S. 1876, p. 408. Of this one-third, the testator could not deprive her by any will which he could make.

The widow having thus, upon the death of her husband, become invested with the title to one-third of the land in fee, the question arises, in whom was the title to the other two-thirds vested? The widow, having rejected the will, must be deemed to have rejected it entirely, at least so far as the land is concerned; hence no title to any part of the land vested in her by the will. The title to the two-thirds, at least during the life of the widow, was not disposed of by the will, for the executors were not authorized to sell it during her life. The title to the two-thirds not being disposed of by the will, or at least during the life of the widow, it follows that it went wherever the law of descent would cast it. Section 26 of the act on the subject of descents provides, that "If a husband or wife die, intestate, leaving no child, and no father or mother, the

whole of his or her property, real .and personal, shall go to the survivor." As to property undisposed of by the will, the testator is regarded as having died intestate. *Armstrong* v. *Berreman*, 13 Ind. 422; *Rusing* v. *Rusing*, 25 Ind. 63; *Lindsay* v. *Lindsay*, 47 Ind. 283.

The widow, therefore, became entitled, by descent, to the other two-thirds of the property until such time as the executors were authorized to take charge and dispose of it; and this, we have seen, was not to be done, by the terms of the will, until after her death.

The rejection by the widow of the provisions made for her in the will, and her election to take under the law, will, doubtless, in some measure, thwart the purposes and intention of the testator; and we have examined the will with some care, to see if it could be so construed as to authorize the executors to make the sale before her death, upon her election to reject the will and take under the law, but we have not been able to bring our minds to such conclusion.

The terms of the third clause of the will are very explicit as to the event, the death of the testator's wife, upon the happening of which the executors were authorized to take charge and dispose of the property.

Then the time fixed for the payment of the several legacies was clearly not until after the death of the widow, for they were not to be paid until the property was disposed of. But, if any of the legatees were to die before the time fixed for payment, his or her legacy was to go to the brothers and sisters of the testator. There could be no distribution under the fourth clause of the will until the time specified arrived; for, until that time, it could not be told what legatees would survive, and, therefore, be entitled to the legacy. Finally, it might be detrimental to the interests of the brothers and sisters of the testator, who were to have the overplus, to have the sale made before the time fixed by the testator.

We are of opinion, that the court committed no error in its ruling.

The judgment is affirmed, with costs.