## In re SCHULZ'S ESTATE.

WILLS—WIDOW'S ELECTION—DISTRIBUTION OF ESTATE.
  A testator bequeathed to his wife all of his household goods, and
  gave her a life estate in the residue of his property, real and
  personal. Specific bequests were made to five persons, who
  were also made residuary legatees in proportion to the sums
  bequeathed to them. It was further provided that, if any of
  said legatees should be dead at the time of the decease of the
  wife, the heirs of such deceased legatee should take the leg-
  acy bequeathed to him. The widow elected to take under
  the law, and not under the will. *Held*, that the legatees were
  entitled to an immediate distribution of the estate.

Case made from Wayne; Adams, J., presiding. Sub-
mitted June 8, 1897. Decided July 13, 1897.

The petition of a legatee under the will of Martin F.
Schulz, deceased, for the distribution of the estate, was
granted by the probate court, and Herman Kleinow,
administrator with the will annexed, appealed to the cir-
cuit court. The order of the probate court was reversed
in the circuit, and the legatees assign error. Reversed.

Martin F. Schulz died testate. By his will he be-
queathed his household goods to his wife, and all the rest
and residue of his estate, both real and personal, to his
said wife for life. By the third clause he provided that
his executor should, as soon as convenient after the de-
cease of his wife, sell and convey all his real estate for the
purpose of paying expenses and "the legacies hereinafter
bequeathed by me." By the fourth clause he bequeathed
certain amounts to five persons, and by the fifth clause
made these five persons the residuary legatees in propor
tion to the sums bequeathed to them. By the sixth clause
he provided that, if any of the said legatees be dead at the
time of the decease of his wife, the heirs of said deceased

legatee should take the legacy bequeathed to him or her. The widow elected to take under the law, and not under the will.  Dower was assigned to her.  The real estate was sold by the administrator with the will annexed, under the order of the probate court; and, after paying the debts and the widow's portion, there remained in his hands about $2,500.  The administrator made report to the probate court, and asked for an order of distribution under the terms of the will, if the legatees were entitled thereto.  One of the legatees also petitioned for such distribution.  The probate court directed the distribution of the estate.  Upon appeal to the circuit court this order was reversed, and it was held that the estate could not be distributed until after the death of the widow.

*William E. Henze,* for appellants.

*Morse Rohnert,* for appellee.

GRANT, J. (*after stating the facts*).  The judgment of the circuit court was wrong.  The clear intent of the will was to secure to the widow the use of the entire estate for life, and that upon the termination of the life estate the legatees mentioned in the fourth and fifth clauses should take.  The life estate in the widow was as effectually terminated by her election as it could be by her death.  The will makes no provision for the care and control of the estate in the event that the life estate should be terminated by the election of the widow.  It is conceded that, but for the sixth clause, the legatees named in the fourth clause would be entitled to receive their legacies at once.  But it is insisted that the right to receive is limited upon the death of the wife.  The clear intent of the testator was to create a life estate, and it probably never occurred to him that his wife would take under the statute, and thus terminate such estate.  It is equally clear that he intended that upon the termination of that estate his property should be distributed at once to his legatees.  *In re Woodburn's Estate,* 151 Pa. St. 586;

113 MICH.—38.

*Coover's Appeal,* 74 Pa. St. 143; *Small* v. *Marburg,* 77 Md. 11. *Dean* v. *Mumford,* 102 Mich. 510, has no application to this case.

Judgment reversed, and the case remanded to the probate court of Wayne county for further proceedings in accordance with this opinion.

LONG, C. J., MONTGOMERY and MOORE, JJ., concurred. HOOKER, J., did not sit.