## Gunning's Estate (No. 2).

*Wills—Constructions—Contingent remainders—Failure of particular estate—Acceleration of remainder.*

1. A contingent remainder can only exist where it has a particular estate to support it. With the destruction of the particular estate the contingent remainder necessarily falls.

2. Testatrix, after directing the sale of her real estate, gave certain legacies from the proceeds and then provided: "The income of the balance to be given to K. M., provided he is not living with the woman he married in 1899—one J. W., should she die, or he is divorced from her—that is finally divorced—he is to be given absolutely one half of the principal, and the interest of the other half as long as he lives. If he marries again he can by will leave all to his second wife and children. If he dies unmarried a second time without children the one half—or all his share—is to be equally divided between the children of W. G., C. G. and J. B. In no case is the present wife of K. M. to benefit by anything I leave him either in personal or real estate." At the time of testatrix's death K. M. was living with his wife, the J. W. referred to in the will. *Held,* that the gifts to the children of W. G., C. G. and J. B., were contingent remainders and that when the gift to K. M. failed because the condition upon which it was to vest was not fulfilled at the time the will became effective, the contingent remainders were not accelerated but fell with the failure of the particular estate supporting them.

3. If a gift over is limited to take effect on a particular event and the very opposite or alternative of that event actually happens, the subsequent gift fails altogether, though the prior gift be out of the way.

4. A contingent remainder following a particular estate given on a

condition which has failed; is not accelerated by the failure of the particular estate to vest, on account of the nonperformance of the condition.

Argued Oct. 19, 1911. Appeals, Nos. 130, 131, 132, 133, 134, 135, 136 and 137, Oct. T., 1911, by Helen F. Greer et al., from decree of O. C. Allegheny Co., Feb. T., 1911, No. 133, dismissing exceptions to adjudication in Estate of Anna M. Gunning, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.

The facts appear in the opinion of the Supreme Court and in Gunning's Est. (No. 1), ante, p. 139.

*Errors assigned* were in dismissing exceptions to adjudication.

*J. P. Patterson*, with him *Boyd Crumrine*, for appellants.—The intention of the testatrix, as is clearly disclosed by a reading of her will, was to provide for Miller under certain restrictions as the main object of her bounty, and secondarily the children of Greer and Blackford. So far as the purposes of her will are concerned, Miller will die unmarried a second time without children (within the meaning of the will), and Miller not being entitled to take because of his failure to perform, such failure had the same effect in determining the contingency (upon which the children were to take) as his death: Ferguson's Est., 138 Pa. 208; Koenig's App., 57 Pa. 352; Bruch's Est., 185 Pa. 194; Woodburn's Est., 151 Pa. 586; Portuondo's Est., 185 Pa. 472; Fletcher v. Hoblitzell, 209 Pa. 337.

*J. C. Boyer*, with him *W. A. McConnell, Lazear & Blaxter* and *Lawrence B. Hurst*, for appellees.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

These appeals are from the same adjudication as that

from which Miller's appeal was taken, in which we have just filed an opinion affirming the decision of the orphans' court, holding that the gift to Karl F. Miller under the will of Anna M. Gunning, failed because the condition prescribed by the testatrix, upon which it was to vest, was not fulfilled at the time when the will became effective. In this adjudication the orphans' court further held that as the gift to Miller failed, the limitations over as to one-half of the estate, in favor of the Greer and Blackford children, also failed. The auditing judge held that an intestacy resulted, and he awarded the fund to those entitled under the intestate law. Exceptions to the adjudication were filed on behalf of the Greer and Blackford children. The exceptions were dismissed by the court, and these appeals were taken from the decree of dismissal. Counsel for appellants contend that the fund should have been awarded to them as remainder-men. But clearly the estate bequeathed to appellants in the will is a contingent remainder. It is contingent in the first place upon the fact that Karl F. Miller shall not be living with his wife when the will takes effect. And secondly, on the fact of his dying unmarried a second time, without children. These were uncertain events, and the first contingency, viz., that Karl F. Miller should not be living with his wife, was a condition precedent to the vesting of his legacy. As a matter of fact, this contingency did not occur, and it never can happen. In McCay v. Clayton, 119 Pa. 133, referring to a contingent remainder, Mr. Justice PAXSON announced a familiar principle when he said (p. 139): "Such a remainder can only exist where it has a particular estate to support it. With the destruction of the particular estate the contingent remainder necessarily falls." The same principle is somewhat differently stated in Page on Wills, sec. 671, thus: "Upon the occurrence of such contingencies as make it impossible for the contingency upon which the legacy is given ever to occur, the contingent interest is absolutely extinguished." Under these and many other authorities which might be cited, it is

evident that when the particular estate which was to go
to Karl F. Miller failed by reason of his inability to answer
the description, or fulfill the requirements of the condition
upon which it was given, the contingent remainder to ap-
pellants which rested upon it, was without support, and
therefore fell.   Counsel for appellants, however, urge that
the gift was accelerated, and in support of their view they
cite the decision in Fletcher v. Hoblitzell, 209 Pa. 337.
But in that case the remainder was vested, and was not
contingent, the devise over taking effect upon the death of
the life tenants.   In the opinion of Mr. Justice MESTRE-
ZAT, he refers to and cites (p. 344) the rule given in 24 Am.
& Eng. Ency. of Law (2d ed.), 418; but the section from
which the quotation is taken refers only to vested remain-
ders.   Upon the next page of the text-book, referring to
contingent remainders, is this statement (p. 419): "If the
gift over is limited to take effect on a particular event
and the very opposite or alternative of that event actually
happens, the subsequent gift fails altogether, though the
prior gift be out of the way."   The principle thus stated
covers the present case.   The particular event did not
happen, and quite the opposite situation arose; that is,
Miller was living with his wife when the will took effect.
Even had the first condition been met, and the estate
vested in Miller, there would have remained another con-
tingency, that of his remarriage, in which case he was em-
powered to leave all to his second wife and children.   Had
he remarried and exercised his right of bestowal, these
appellants would have had no share in the estate, as the
gift to them is only upon condition that Miller dies un-
married a second time, without children.   The illustra-
tions of the doctrine of acceleration, cited by counsel for
appellants, taken from Jarman on Wills, are cases of
vested remainders.   No case is cited, and none has been
found, where a contingent remainder following a particu-
lar estate, given on a condition which has failed, has been
held to have been accelerated by the failure of the par-
ticular estate to vest, on account of the nonperformance

of the condition. Where a widow is given a life interest and elects to take against the will, or where, as in one of the cases in Jarman, a monk is given a life estate which he is unable to take, the life tenants are regarded as if dead, and the vested remainders are accelerated accordingly.

But in the case at bar, the interests of the appellants were not vested; they were contingent, and that to a remote degree. Karl F. Miller took no estate, because he did not answer to the description required, and was not able to fulfill the conditions upon which he was to take. It should be remembered that the gift to these appellants does not depend on the nonfulfillment of the conditions prescribed by testatrix, but on the contrary it depends upon their fulfillment. No provision was made for the disposition of the fund in the event of a failure to fulfill the conditions; therefore an intestacy results from the failure. The court below so held, and its decree in this respect is affirmed.