182    SHEPARD, ET AL., TRUSTEES, vs. BURR, ET AL.

Syllabus:—Statement of the case.

JOHN W. SHEPARD and CALEB M. SHEWARD, Trustees under the last will and testament of Horace Burr, deceased,

vs.

MARY BURR, ELLEN BURR TATNALL, MARY SOPHIA BURR, JAMES PONDER, ANNA L. SCHUYLER, WILLIAM H. PONDER, LILLIAN B. PONDER, SARAH ELIZABETH PONDER, ALICE B. SHEPARD, ELIZA B. JONES, MARY SOPHIA BURR, Executrix of the last will and testament of Clara Amelia Burr, deceased, EDITHA L. G. BURR, EDITHA L. G. BURR, Executrix of the last will and testament of William Hungerford Burr, deceased.

### *New Castle, July* 15, 1913.

Where the testator provided that during the life of his wife, she and his two daughters were to occupy the homestead and to receive support from the estate, and at the death of the wife the estate be distributed, a release shortly after testator's death by the wife of all her interest under the will did not accelerate the distribution of the estate, since during the wife's life the daughters had the right to occupy the homestead and receive support and maintenance.

Where testator provided that the estate was not to be settled and distributed until after the death of his wife, and that she, with his two daughters should occupy the homestead, and also receive support from the estate, and at her death the estate be distributed, the right of the widow and daughters to support and maintenance was not dependent upon their continued occupation of the homestead.

Where testator provided that his daughter was to receive support and maintenance from his estate, the daughter was only entitled to what was reasonably necessary for that purpose, and generally it is for the testamentary trustees to decide what is a proper amount for such purpose, according to the condition in life of the beneficiary, subject to control in case of an abuse of discretion.

BILL FOR THE CONSTRUCTION OF A WILL. Dr. Horace Burr, of New Castle Hundred, died January 10, 1899, and by his will provided, as follows:

"Third.   Should my wife, Mary Burr survive me it is my will that my estate shall not be settled and distributed until after her death, and that she, with my two unmarried daughters, Mary S. Burr and Clara A. Burr, shall occupy and have the use of the homestead where I now reside, and also their support and maintenance from my estate during the life of my said wife; and in case either or both of my said daughters should marry before the death of my said wife, then the support and maintenance of such daughter or daughters from my estate to cease.

"Fourth.   I hereby authorize and empower my executors and trustees to sell at public or private sale, in their discretion, for cash or upon credit, the whole or any part of my real estate, except my homestead aforesaid, and convey the same to the purchasers thereof, without any liability on their part for the proper application of the purchase money, and the proceeds of sale to invest safely and hold the same for the benefit of my estate; and after the death of my said wife, to sell the homestead, and divide the whole of my estate among my children, share and share alike, the issue of any deceased child to take their parent's share.

"Fifth.   Should my said wife survive my unmarried daughters, or they should both marry, it shall be optional with my said wife to remain at the homestead or make some arrangement with my executors and trustees for her support and maintenance elsewhere; and in the event of her making such arrangement and leaving the homestead I authorize and empower my said executors and trustees, in their discretion, to sell the same, under the same provisions for the sale of my other real estate."

At his death his wife, Mary Burr, his two daughters, Mary S. Burr and Clara A. Burr, and several other children and grandchildren, children of deceased children, survived him, and are all parties defendant.   Shortly after his death his widow ceased to occupy the homestead, and by release dated July 22, 1905, released and quitclaimed to the trustees under the will all her interest and benefit under the will.   Later the two daughters, Mary and Clara, removed from the homestead and for several years have not occupied it.   Clara A. Burr died January 28, 1906, testate.   Caleb M. Sheward was appointed by the Chancellor to be trustee in place of Alfred R. Jones, one of the testamentary trustees.   The trust estate consisted of the homestead, certain other real estate and certain personal property.   The trustees paid to the daughters, Mary and Clara, during the life of Clara, practically all the income of the trust estate, and by statement showed the income for the calendar year 1911, and stated that they had in

hand at the time the bill was filed $580.30 of unexpended income.

A demand has been made upon the trustees by certain of the children of the testator for an immediate settlement and that the trustees apply to the court for a construction of the will.   Thereupon the trustees filed their bill for instructions, whether the distribution should be made now, and as to who are entitled to the trust property, and also for instructions as to a disposition of the income, including the unexpended income.

The allegations of the bill are admitted to be true.   Mary S. Burr, by her answer, claims to be entitled to maintenance and support, notwithstanding the release of the widow.   Some other children of the testator by answer deny her right to any income since the release by the widow, and that the principal of the trust estate is now distributable.   Other beneficiaries submit to the decision of the court without making aggressive allegations.

*William S. Hilles*, for the complainants.
*Benjamin Nields*, for Mary S. Burr and others.
*Reuben Satterthwaite, Jr.*, for Eliza B. Jones and others.

THE CHANCELLOR.   The first question is whether the release by the widow of the testator of all the provisions made for her in the will of her husband accelerated the time for the distribution of the principal of the trust estate, without waiting for the death of the widow.   If the whole income of the trust estate were payable to the testator's widow for life, the extinguishment of her interest, by a release thereof to the trustees, would accelerate the distribution of the estate among those entitled to it at her death.   40 *Cyc.* 1992; *Slocum v. Hagaman*, 176 *Ill.* 533, 52 *N. E.* 332; *Trustees of Church Home v. Morris*, 99 *Ky.* 317, 36 *S. W.* 2; *In re Schulz's Estate*, 113 *Mich.* 592, 71 *N. W.* 1079; *Estate of James M. Vance*, 141 *Pa. St.* 201, 21 *Atl.* 643, 12 *L. R. A.* 227, 23 *Am. St. Rep.* 267; *Sherman v. Baker*, 20 *R. I.* 446, 40 *Atl.* 11, 40 *L. R. A.* 717; *Coover's Appeal*, 74 *Pa. St.* 143.

But Mary S. Burr and Clara A. Burr during the life of the

testator's widow, or until their marriage, were each given a right to occupy the homestead, and also receive support and maintenance from the estate. The acceleration of the time for a distribution of the estate, caused by the release of the widow, cannot affect the rights of the two daughters. It would be unreasonable to concede to a life tenant a power thus to change the rights of such · other beneficiaries by releasing her own rights. She can do as she pleases with her own, and can by her act of releasing hasten the division of the estate, provided such earlier distribution does not affect the rights of others. Here the release of the widow did not affect the rights of the two unmarried daughters, Mary and Clara. What were their rights? Not only to occupy the homestead, with or without the widow of the testator, but also to support and maintenance from the estate of the testator during the life of the widow. Since the release by the widow of her interest, and the death of the testator's daughter, Clara, the only unmarried daughter now so entitled is Mary S. Burr.

It is claimed by some of the defendants that the right of the widow and daughters to support and maintenance was made dependent on their continued occupation of the homestead, and that when either of them removed therefrom their right to support ceased. But such is not a fair interpretation of the will. The testator gave them, and each of them, a right to occupy the homestead, but did not make such occupation a condition upon which their right to receive support depended. In any event, by re-occupying the homestead, Mary S. Burr could avoid the effect of the condition, and this would be a reason against an acceleration of distribution at this time, or during the life of the widow of the testator, or until the marriage of Mary S. Burr. The conclusion, then, is that the principal of the trust is not now distributable, and that Mary S. Burr, during the life of the testator's widow, or until marriage, is entitled to maintenance and support from the income of the trust estate.

The trustees ask for instructions as to the disposition of income. It appears from the bill that during the year 1911, the income from the trust estate was $2,056.04, and that during

that year the trustees paid to Mary S. Burr $1,719.14, showing a balance of income for that period of $336.90. Further, that since the renunciation of the widow, they had paid to Mary S. Burr "practically all the income received by them from the trust estate in their hands," and that at the time of the filing of the bill on September 24, 1912, there was in the hands of the trustees $580.30 of unexpended income. There is no averment, either in the bill or in any of the answers, that the whole net income of the trust estate is more than sufficient for the maintenance and support of Mary S. Burr. The simple allegation in the bill as to the amount of unexpended income in the hands of the trustee does not show this. It is difficult, therefore, to instruct the trustees as to the disposition of the income, beyond stating general principles, and declaring that the will does not necessarily give to Mary S. Burr the whole of the income, but maintenance and support therefrom for herself. Where income is given for maintenance and support, the beneficiary is only entitled to what is reasonably necessary for that purpose. Speaking generally, it is for the trustees to decide what is a proper and sufficient sum for maintenance and support, according to the condition in life of the beneficiary, subject to control in case of an abuse of a wise discretion. *Loring's Trustees' Handbook* (3d Ed.) *pp.* 80, 81; *Collins v. Serverson*, 2 Del. Ch. 324.

It is further claimed by the solicitor for Mary S. Burr that the source from which her support and maintenance is to be derived is not limited to the income of the trust estate, and that resort may be made to the corpus of the estate if it should become necessary. But this question is not now decided, for the obvious reason that, as above stated, there is no allegation that the income is insufficient for the support and maintenance of Mary S. Burr.

Inasmuch as the principal of the trust estate is not now distributable, it seems unnecessary and unwise to express an opinion as to distribution, though some questions in connection therewith were discussed by some of the counsel. When the distribution is to be made other persons may be interested than those now in existence, and they should, perhaps, be heard.

Whether the trustees may now sell the homestead was also discussed, though there is in the bill no prayer for instructions on this subject. But as herein indicated, as Mary S. Burr still has a right to occupy the homestead it could not be sold, at least, during the life of the widow, unless Mary S. Burr consents, or marries.

A decree will be entered instructing the trustees in accordance with this opinion.