RICHARD ROE, Casual Ejector, and ELLA SCOTTEN, tenant in possession, defendant below, plaintiff in error, *vs.* JOHN DOE, on the demise of NETTIE S. MOORE, CLARA C. BUSH, MARY L. RASH, SARAH ANN BUSH, HELEN W. DIXON, FLORENCE E. FORD and AMY E. SCOTTEN, plaintiffs below, defendants in error.

1.  DOWER—RIGHTS OF WIDOW—POSSESSION.

A widow who has elected to take dower, instead of under the will, is not entitled to the possession of any particular tract, against the devisees or heirs, until after the commissioners have set off her dower to her.

2.  EJECTMENT—RIGHT OF ACTION—TITLE OF PLAINTIFF.

Plaintiffs in ejectment must recover on the strength of their own title, not on the weakness of defendant's.

3.  WILLS—CONSTRUCTION—ESTATES CREATED—ACCELERATION OF RE-MAINDER.

The principle of acceleration in the vesting of a remainder, because of the premature termination of the preceding life estate, rests upon testamentary intention, and is applied only when it promotes that intention.

4.  WILLS—CONSTRUCTION—ESTATE CREATED—ACCELERATION OF REMAIN-DER—RENUNCIATION OF LIFE ESTATE.

Where it appears from a will that the possession of the remainderman was postponed solely for the benefit of the testator's widow, who was given a life estate, it is presumed that, on her renunciation of the life estate, the remaindermen are entitled to enter into enjoyment at once.

5.  WILLS—CONSTRUCTION—ESTATES CREATED—ACCELERATION OF REMAIN-DER—CONTINGENT REMAINDER.

A contention that the election by a widow, who was given a life estate under a will to take her dower interest, destroys the contingent remainders created by the will, since they could not vest until the death of the widow, and there could be no remainder without a particular estate to support it, so that testator died intestate as to the life estate, will not be sustained, where contrary to the testator's intention, and probably unsound.

35

6. WILLS—CONSTRUCTION—ESTATES CREATED—ACCELERATION OF RE-
MAINDER—CONTINGENT REMAINDER.

Where a testator gave his property to his wife for life, and after her
death to his children then living, or in case of their death to their represen-
tatives, share and share alike, the evident intent of the testator was to provide
first of all for his wife, and to give the property to the children as soon as
his wife's interest terminated, and they are therefore entitled to the imme-
diate possession as soon as the widow elected not to take under the will,
whether their remainders are vested or contingent.

(*December* 14, 1914.)


CURTIS, Chancellor, and CONRAD, RICE and HEISEL, Associate
Judges, sitting.

*Frank H. Davis* for the plaintiff in error.

*John B. Hutton* for the defendants in error.

Supreme Court, June Term, 1914.


Error to the Superior Court for Kent County, No. 4, Janu-
ary Term, 1915.

ACTION OF EJECTMENT (No. 22, July Term, 1914) in the
court below.

Amicable Action brought by Nettie S. Moore and others
against Ella Scotten to recover certain real estate.

By consent, the case was tried by the court, on a case stated,
and judgment rendered upon their decision upon the law and the
facts. The court found the defendant guilty of the trespass in
ejectment mentioned, and entered judgment without opinion for
the plaintiffs. The defendant excepted, and brings error. Judg-
ment for plaintiffs below affirmed.

The material facts and questions of law presented appear in
the opinion of the court.


CURTIS, Chancellor, delivering the opinion of the court:

The case is in this court on a writ of error to a judgment of
the Superior Court of Kent County for the plaintiffs below,
entered on a case stated. From this statement it appears that
Emory Scotten by will gave all his estate, after the payment of
his debts, to his wife for life and after her death to "my then
living children (or in case of their death, to their legal represen-

tatives), share and share alike." At the testator's death, his widow and seven children survived him, and the latter were his only heirs at law. It was stated in most general language that he was seized of a number of farms and parcels of land, without further particulars, and that his widow, Ella Scotten, under a claim of right, is in possession of one of said farms, described in most general language. Further, that she had appeared in the Orphans' Court and elected to take dower at common law and not under the will, but that dower had not yet been assigned to her. The action was of ejectment, all the heirs at law being plaintiffs and the widow the defendant in the suit. Upon this statement the court below, after argument, gave judgment for the plaintiffs below. Whereupon a writ of error was taken by the defendant below, and the error assigned was stated briefly to be that the court below decided in favor of the plaintiffs.

[1] Treating the case as one of ejectment, it is clear that on the facts agreed upon, and which must be considered to have been the basis of the decision of the court below, that judgment was the only one that could have been rendered. A widow given a life estate in all her husband's property made a valid election to decline that provision and to take the rights which the law gives to her independent of the will. There being children, her right is to have one-third of all her husband's land for life, and a method is provided by statute for assigning and laying off to her by metes and bounds certain designated land to be held by her in severalty for and during the term of her life. This land when so laid off by commissioners appointed for the purpose, she holds as tenant in dower and to the exclusion of all who claim under her deceased husband, and it is, therefore, held by her under a claim of right. But until this assignment has been made the widow has no exclusive right to any particular parcel of land of her husband, and cannot make her own choice of a particular farm, or other particular parcels of land, to be held by her as tenant in dower. The commissioners may lay off to her one, or more, parcels out of several, or may lay off to her parts of each parcel, and it is for them and not for her to decide how it is to be done, or what particular lands she shall take as doweress. But in addition, it

is settled that before the assignment is made to her of the particular land of which she is to be tenant in dower, she is not entitled to the possession of any particular land. *Coulter v. Holland*, 2 *Harr*. 330, 333; *Sharpley v. Loper*, 5 *Harr*. 373.

[2] While it is clear that the widow had no valid claim to the ownership or possession of the farm which she occupied, still the plaintiffs in the action of ejectment must recover on the strength of their own title and not on the weakness of the title of the defendant. Therefore it is necessary to examine the question raised as to the title of the plaintiffs, as shown by the agreed statement of facts.

It is urged by counsel for the plaintiffs in the ejectment, the children of the testator, that the gift in remainder was contingent, the persons to take in remainder being uncertain and unascertained until the death of the life tenant, for the gift was to those children living at the death of the widow. Furthermore, that the election of the widow, and the consequent termination of her testamentary estate in the whole of the real estate of the testator, did not accelerate the vesting of the estate in remainder, because the remainder was a contingent one; but that the disappearance of the preceding life estate caused the gift in remainder to fail, because every remainder must be supported by a prior estate; and as a consequence the testator died intestate, and the plaintiffs in the ejectment being the heirs at law of the testator were and are entitled absolutely to all of the testator's real estate, subject, of course, to the dower rights of the widow.

On the other hand, if the remainder is vested, there is an acceleration by the ending of the life estate, and those children of the testator who were then living thereupon became and are now entitled to the whole of the real estate of the testator, subject to the dower rights of the widow. Or it may be held that even if the remainder be contingent, and for that reason there is no acceleration, still the estate in remainder was not destroyed, but that during the life of the widow the testator died intestate and all the real estate descended to his heirs at law, the persons ultimately entitled being determinable only after her death. In either point of view, then, the plaintiffs were entitled to a judgment in

their favor in the ejectment suit, both because of the strength
of their own title and also because of the weakness of the title of
the defendant to the particular land referred to in the case
stated.   This court might, therefore, content itself with affirming
the judgment of the court below, but in this case the reasons for
the decision are important, and it seems necessary, therefore, to
state them.

[3, 4]   The principle of acceleration in the vesting of a remain-
der by the premature termination of the preceding life estate
rests upon the testamentary intention, and will be applied only
when it promotes that intention, and never when it defeats it.
*Holdren v. Holdren*, 78 *Ohio St.* 276, 85 *N. E.* 537, 18 *L. R. A.*
(*N. S.*) 272.   When, therefore, it appears that the possession of the
remaindermen is postponed solely for the benefit of the widow
of the testator, it is presumably the intention of the testator that
her renunciation of the provisions made for her for life is equiva-
lent to her death, and the beneficiaries entitled in remainder enter
into enjoyment at once, subject to her rights at law if she so elects.
*Page on Wills*, *p.* 874, citing cases; *Coover's Appeals*, 74 *Pa.* 143;
*Ferguson's Estate*, 138 *Pa.* 208, 20 *Atl.* 945; *Randall v. Randall*,
85 *Md.* 430, 37 *Atl.* 209; *Schultz's Estate*, 113 *Mich.* 592, 71 *N. W.*
1079.   This principle of acceleration will be applied, and the
result of it will be effective in cases where there is a substitu-
tionary gift for a legatee or beneficiary dying in the life of the
widow.   *Schultz's Estate*, 113 *Mich.* 592, 71 *N. W.* 1079.   The
general principle of acceleration was recognized by the Chan-
cellor in the case of *Shepard v. Burr*, 87 *Atl.* 1020 (1913) but deemed
inapplicable there.

If the principle is based on the presumed intention of the
testator, there need be no distinction made between vested and
contingent remainders in its application.   The testator could not
in any case have intended to give his widow the power by elect-
ing to take against the will to increase, or decrease, the shares
which come to those to whom the property was given after her
interest came to an end.   This is well illustrated in the case of
*Holdren v. Holdren*, 78 *Ohio St.* 276, 85 *N. E.* 537, reported with
notes in 18 *L. R. A.* (*N. S.*) 272.   There the effect of the accelera-

tion would have changed the shares which they would have received, and the court refused to apply it fully. In the case of *Dale v. Bartley*, 58 *Ind.* 101, a hardship would also have resulted from an application of the rule.

Some courts have refused to apply this principle in cases where the life estate is followed by a contingent remainder, while recognizing its application to a vested remainder. *Augustus v. Seabolt*, 60 *Ky.* (3 *Metc.*) 155 (1860); *Brandenburg v. Thorndike*, 139 *Mass.* 102, 28 *N. E.* 575; *Dale v. Bartley*, 58 *Ind.* 101; *In re Gunning's Estate*, 234 *Pa.* 144, 83 *Atl.* 61 (1912).

In the late case of *In re Gunning's Estate*, cited above, the court said emphatically and broadly:

"No case is cited, and none has been found, where a contingent remainder following a particular estate, given on a condition which has failed, has been held to have been accelerated by the failure of the particular estate to vest, on account of the nonperformance of the condition. Where a widow is given a life interest and elects to take against the will, or where, as in one case in *Jarman on Wills* a monk is given a life estate which he is unable to take, the life tenants are regarded as if dead, and the vested remainders are accelerated accordingly."

But the court overlooked *Coover's Appeal*, 74 *Pa.* 143, where the court said:

"If these bequests were contingent, to vest on the death of the widow, * * * her renunciation had the same effect in determining the contingency as her death. It would not be pretended that, had she died when she renounced, any legatee answering the description in the will, then in full life, would not have taken under it."

If it be necessary to decide whether the remainder be vested or contingent, it will be found that the authorities are in hopeless conflict on this subject. A devise to the testator's children living at the death of a life tenant, as a class, with substitution of issue for any who may then be dead, is in some cases considered a vested remainder, and in others a contingent one. 2 *Williams on Executors* (6th *Am. Ed.*) 637, *note*.

[5] The theory urged by the counsel for the plaintiffs in error to the effect that the election of Scotten's widow destroyed the contingent remainder, which must have a precedent estate to

support it, was repudiated in the case of *Wakefield v. Wakefield*, 256 *Ill.* 296, 100 *N. E.* 275, *Ann. Cas.* 1913E, 414 (1912), where a life estate was given to the testator's widow. "The fact that she chooses to decline the provisions of the will in her favor does not destroy the will, or render any part of the estate intestate." In some cases the courts have held that when acceleration is denied to contingent remaindermen the testator died intestate pending the life estate. *August v. Seabolt*, 3 *Metc. (Ky.)* 155; *In re Gunning's Estate*, 234 *Pa.* 144, 83 *Atl.* 61. But this is surely a strain on the supposed testamentary intention, and does not seem a sound principle.

[6] In this case it is clear that the testator, Emory Scotten, intended to make, first of all, ample provision for his wife by giving to her all his estate for life. Also that his intention was that his children should take all his estate as soon as her prior interest terminated, either by death or renunciation, or otherwise, and that he postponed the enjoyment of possession of his estate by his children only in order to provide for his wife during her life. When she chose to take less than he gave her, his children should not, because of some technical rule of law relating to estates following life estates, be made to wait for a full enjoyment of their rights. Therefore, where, as here, the testator gave all his property to his wife for life, and at her death to his children then living, and in case of their death to their legal representatives, share and share alike, and the widow elected to take against the will, this premature termination of her interest as devisee caused the interest of the testator's children to be a present right of possession, subject only to the widow's rights at law, for such is the evident intention of the testator, whether under the will the estate of the children be considered vested or contingent.

It is not necessary to consider in this case the equitable doctrine of the sequestration of the estate and property relinquished by the life tenant and the application thereof to disappointed beneficiaries, because the remaindermen take in equal portions all the estate subject to the widow's dower.

For the reasons here assigned, the plaintiffs in the ejectment

suit below were entitled to possession as against the widow to whom dower has not been assigned, and the judgment having rightly been entered, the judgment below is affirmed.