EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of Mary S. Proctor, deceased,

*vs.*

ERNEST WILLIAM PROCTOR, MARY PROCTOR HALE, FRANCIS E. PROCTOR, DOROTHY M. PROCTOR, WILLIAM S. PROCTOR, CHARLES E. PROCTOR, JANE K. PROCTOR, PAMILY H. PROCTOR, HARRY E. PROCTOR, ERNEST W. PROCTOR, II, SARAH N. PROCTOR, and HARRY G. ZIEGLER, JR.

*New Castle, May 28, 1943.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for complainant.

*William S. Potter,* of the firm of Southerland, Berl & Potter, for respondent Ernest William Proctor and others.

*Howard Duane,* for Albert L. Massey, guardian *ad litem* for Dorothy M. Proctor and others.

PEARSON, Vice-Chancellor: The trustee asks instructions concerning the effect of a renunciation by the testatrix' husband, Ernest William Proctor, of his rights under the will. The children of the testatrix contend that the husband's renunciation of the right to trust income during his life accelerated their succeeding beneficial interests. On behalf of the grandchildren, this contention is opposed.

Mrs. Proctor died in April, 1942. Her will was probated later in the same month. She gave her residuary estate to Equitable Trust Company, in trust. The terms of the trust which are concerned in this proceeding reads thus:

"(1) Out of the net income to pay the sum of Fifty Dollars ($50.00) per month to my sister, Martha Alan Barton, now of Wilmington, Delaware, during her lifetime, beginning as soon as practicable after my death;

"(2) To pay over the remainder of the net income monthly or

quarterly or as often as requested by him to my husband, Ernest William Proctor, during his lifetime. But if my husband shall not need this income for his own support, I request, without imposing any legal responsibility with respect thereto, that he will divide it one-half to my daughter and the remainder equally among my three sons;

"(3) After the death of my husband, to divide my estate (other than the amount necessary to provide the Fifty Dollars ($50.00) a month for my said sister if still living) into two equal parts and to pay over, deliver and convey one equal part, discharged of the trust, to my daughter, Mary Elizabeth Proctor; and to divide the remaining one-half into as many equal parts as I shall have sons then living and sons then dead leaving issue surviving and to administer the several parts as follows:

"(a) To pay over the net income of one equal part monthly or quarterly or as often as (in the judgment of my trustee) his needs shall require, at least once a year, to each son during his lifetime and after his death to distribute such son's portion of my estate among such son's issue, share and share alike, discharged of all trust. But if such son shall not leave issue surviving, then to distribute the same in accordance with the terms of his will but, if he shall not leave a will, then to distribute the same, discharged of all trust, amongst those who will then be his next of kin under the laws of the State under which this estate is settled;

"(b) The portion of the issue of a deceased son shall be divided, share and share alike, among such issue, discharged of this trust, except that the part of every minor among such issue shall still remain in trust and the income applied for the benefit of such minor until he or she shall attain the age of twenty-one years at which time the principal and any accumulated income shall be paid over, delivered, and conveyed to such issue, discharged of all trust;  *  *  *."

Mrs. Proctor was survived by her sister, husband, daughter, three sons, and seven grandchildren, issue of the sons. The daughter has no issue. In June 1942, the husband executed and delivered to complainant a written renunciation of his right to receive any property or benefit under the will. The residuary estate consists entirely of personalty. The value is not disclosed in the record, but at the argument, all parties assumed that it is large enough to leave a balance after setting aside a fund sufficient to produce in-

come to make the monthly payments to testatrix' sister during her life.

The children assert that the trustee should pay one-half of the trust corpus (remaining after reserving enough to provide for the income payments to the sister) to the testatrix' daughter, and should divide the other one-half into three parts and hold them for the benefit of the three sons, respectively, in accordance with the trusts stated in the will. The grandchildren contend that the trustee should make no division of the corpus until the death of the testatrix' husband, and that the renunciation should have no effect upon any gift, except the benefits provided for the husband.

In support of the proposition that their interests were accelerated by the renunciation, the children rely strongly upon *Scotten v. Moore, et al.,* 5 *Boyce* 545, 93 *A.* 373, 374, *Ann.Cas.* 1918*C*, 409. In that case, the testator gave all his estate to his wife for life and after her death to "my then living children (or in case of their death, to their legal representatives), share and share alike." The widow elected to take dower at common law. In discussing the effect of the renunciation, the Chancellor, speaking for the Supreme Court of Delaware, said (5 *Boyce page* 549, 93 *A. page* 374, *Ann.Cas.* 1918*C*, 409) :

"The principle of acceleration in the vesting of a remainder by the premature termination of the preceding life estate rests upon the testamentary intention, and will be applied only when it promotes that intention, and never when it defeats it. * * * When, therefore, it appears that the possession of the remaindermen is postponed solely for the benefit of the widow of the testator, it is presumably the intention of the testator that her renunciation of the provisions made for her for life is equivalent to her death, and the beneficiaries entitled in remainder enter into enjoyment at once, subject to her rights at law if she so elects. * * * This principle of acceleration will be applied, and the result of it will be effective in cases where there is a substitutionary gift for a legatee or beneficiary dying in the life of the widow. * * *

"If the principle is based on the presumed intention of the testator, there need be no distinction made between vested and contingent remainders in its application. * * *"

The Chancellor found from the terms of the gift that it was clear that the testator "postponed the enjoyment of possession of his estate by his children only in order to provide for his wife during her life", and continued (5 *Boyce page* 551, 93 *A. page* 375 *Ann.Cas.* 1918*C*, 409) :

"Therefore, where, as here, the testator gave all his property to his wife for life, and at her death to his children then living, and in case of their death to their legal representatives, share and share alike, and the widow elected to take against the will, this premature termination of her interest as devisee caused the interest of the testator's children to be a present right of possession, subject only to the widow's rights at law, for such is the evident intention of the testator, whether under the will the estate of the children be considered vested or contingent."

The grandchildren take the position that the present situation is not controlled by the Scotten case. They suggest that the statements of the court quoted above were not necessary for the decision of the case, and that the court pointed out other grounds upon which the same ultimate result might have been reached. The court, however, rejected these other grounds and proceeded to state "the reasons for the decision" which include the quoted language. The principles enunciated have not been rejected in any Delaware case and are accepted as binding upon this court to the extent of their applicability. Cases in other jurisdictions which support rules not in harmony with these principles may be disregarded. For collections of cases and authorities on the subject see: *Annotations in* 5 *A.L.R.* 460, 473; 17 *A.L.R.* 314; 62 *A.L.R.* 206; 2 *Restatement of the Law of Property*, §§ 231-233, *Appendix pp.* 48-63; 3 *Simes Law of Future Interests* § 755, *et seq.;* 4 *Page on Wills, Lifetime Ed.*, § 1390; 69 *C.J. pp.* 1082-1084.

It is further contended that the death of the husband is a condition precedent to the ascertainment of the persons entitled to succeeding beneficial interests, the amount of their respective shares, and the amount of the corpus to be distributed; and that this manifests an intent inconsistent with

acceleration. The language chiefly relied on as creating the condition precedent is found in paragraph 3 of the will, where the testatrix directed the trustee "after the death of" her husband, to divide one-half of certain property "into as many equal parts as I shall have sons then living and sons then dead leaving issue surviving and to administer the several parts" in a designated manner. Expressions used in connection with a gift of succeeding interests, such as "after the death of", or "then living", though they refer unequivocally to the time of the death of the donee of a prior interest, do not necessarily evince an intent contrary to acceleration upon renunciation by the donee of the prior interest. Substantially similar language in the *Scotten* case was held not to have that effect. The applicable rule is well explained in 2 *Restatement of the Law of Property*, § 233, *Comment c*, as follows:

"Language which under other circumstances is appropriate for the creation of a condition precedent is sometimes employed in such manner that the conveyor does not manifest an intent to create a condition precedent for such succeeding interest, but rather, to refer thereby to the course of events which is to be significant if the attempted prior interest takes effect. Thus a description of the persons to take after the attempted prior interest as the 'then surviving descendants' of a named person or as 'such children of (a named person) as are then living' is not necessarily sufficient to create the condition precedent which is required for the operation of the rule stated in this Section [When an attempted prior interest fails because it is renounced by the person to whom it is limited, a succeeding interest is not accelerated so long as a condition precedent to such succeeding interest continues unfulfilled]. In resolving this preliminary problem of construction, the criterion is whether the terms and circumstances of the limitation manifest an intent to benefit persons living at the termination of the preceding interest or at the death of the person to whom such preceding interest was limited."

By analogy to the *Scotten* case, the particular expressions of the testatrix now under consideration are, of themselves, insufficient to demonstrate an intent opposed to acceleration.

The solicitor for the grandchildren discusses other man-

ifestations of intent. He argues that under the terms of the will, if the husband should predecease the testatrix' sister, it would become necessary to set aside a fund to provide for the monthly payments to her; that there is no provision for the disposition of such fund after the sister's death; and that hence an intestacy would result as to the fund, and it would be distributed under the statute in a manner different from the directions of the will applicable to the balance of the corpus. On the other hand, the argument continues, if the husband should survive the sister, it would not be necessary to set aside a fund; and the entire estate would, upon the subsequent death of the husband, become distributable to or for the benefit of the children or their issue as directed under the will; and therefore, the time of the husband's death, with relation to the sister's death, would affect the amount of corpus distributable for the benefit of the children or their issue in the manner provided by the will. The solicitor concludes that the application of the doctrine of acceleration upon the husband's renunciation would require that a fund be set aside for the benefit of the sister and would necessarily have the effect of compelling an intestacy with respect to the ultimate interest in such fund; and that for this reason, the doctrine should not be applied. I shall assume without affirming the correctness of the argument that an intestacy would result as to the ultimate interest in any fund set aside for the benefit of the sister.

The principle of acceleration will not be applied where it would defeat the testamentary intention, or where the terms and circumstances manifest a purpose which will be more nearly accomplished by the continuance of a trust without acceleration. *Scotten v. Moore, et al., supra; Shepard, et al., Trustees, v. Burr, et al.,* 10 *Del.Ch.* 182, 87 *A.* 1020; 2 *Restatement of the Law of Property,* §§ 231, 232. The acceleration of the succeeding interests in accordance with the children's contention would not destroy or impair the beneficial interest of the testatrix' sister. The monthly payments

to her would be provided for in the same way the testatrix directed in the event that the husband should predecease the sister. Compare: *In re Disston's Estate,* 257 *Pa.* 537, 101 *A.* 804, *L.R.A.* 1918*B,* 62. The situation is unlike that existing in the *Shepard* case where acceleration would have operated prejudicially to persons having interests concurrent with the renounced interest. Moreover, that the acceleration would "compel" a partial intestacy can be true only in a qualified sense. The basic cause of the intestacy (assuming it would arise) would be the fact that the testatrix failed to provide specifically for the disposition, after her sister's death, of a fund which she directed to be set aside for the benefit of the sister during her life. If acceleration were not applied, the possibility of the intestacy would, nevertheless, remain. The same kind of intestacy would occur if the husband should predecease the sister, a contingency by no means impossible. Consequently, there is little force in the contention that the testatrix' plan of disposition would be thwarted by a partial intestacy occurring upon the termination, by renunciation, of the husband's interest; for it is implicit in the argument advanced that the plan would not be thwarted by such an intestacy of the husband's interest should be terminated by his death. I find nothing concerning the provisions for the benefit of testatrix' sister which indicates an intent inconsistent with acceleration of the interests of the children in the balance of trust property remaining after reserving a fund to make the required payments to the sister.

Finally, allusion is made to the testatrix' request that her husband distribute the trust income in stated shares among the children, if he should not need it for his own support. The solicitor for the grandchildren argues that it is clear that the husband "does not need the income for his own support as otherwise he would not have renounced the provisions of the will, and there seems to be no sound reason why, during the lifetime of the husband, the income of the estate should not be distributed in accordance with the de-

sire of the testatrix and to those persons presumptively entitled to that income after the death of the husband." However, the request was made specifically "without imposing any legal responsibility with respect thereto"; and was made upon the assumption that the husband would receive the income given him, not that he would renounce the gift. Manifestly, upon renunciation by the husband, the request became inoperative. The trustee suggests that the request is an indication of a general intent to benefit the children, and thus, is wholly consistent with acceleration. In any aspect, it does not seem to manifest a contrary intent.

With respect to the trust property not needed to provide for the gift to the sister, it appears here, as in the *Scotten* case, that the enjoyment of the interests of the children was postponed solely in order to provide for the husband during his life. The principles of that case are applicable and require the conclusion that the renunciation had the effect of accelerating these succeeding beneficial interests.

A decree accordingly will be advised.