In the Matter of the Accounting of GRACE L. GILBERT, as Executrix of MARGARET R. BYERS, Deceased.

Surrogate's Court, Nassau County, September 8, 1955.

*William H. Daly* for executrix, petitioner.

*Horace G. Pender* for Lilian H. Pender and another, objectants.

BENNETT, S. This is an accounting which required a determination of the distribution of the estate. A hearing was held before this court August 29, 1955. The proof presented clearly establishes that the husband, who is the beneficiary under the will, killed the decedent. He is therefore barred from any profit by his own wrong, both as to taking under the will of decedent and under insurance policies on the life of decedent made payable to him. As to those policies the law presumes the decedent outlived the killer and the insurance is paid accordingly to the estate (*Matter of Sparks*, 172 Misc. 642).

The exclusion of the husband from the benefits of this estate leaves a further problem for determination by this court. The will provides that in the event the husband predeceases the

testatrix, the estate is given to two sisters, Lilian H. Pender and Grace L. Gilbert. They claim that the presumption that decedent outlived the killer should be applied so that they take the entire estate. Should the property go by intestacy, it would go to those two named sisters, a niece Peggy Gilligan and the administratrix of the estate of Thomas Anthony Higgins, a deceased brother.

The presumption that the deceased outlived the killer is a fiction indulged in by the courts so the crime of felony is set at nought (*Matter of Sparks,* 172 Misc. 642, *supra*). It is indulged in so that the killer will not profit by his crime (*Bierbrauer* v. *Moran,* 244 App. Div. 87, 90). There are no grounds for invoking this fiction where the sole result would be to deprive innocent distributees of their intestate share of the estate. The husband did not, in fact, predecease the intestate so the provision of the will for the two sisters did not take effect. The property must be distributed as though the deceased died intestate without giving any part thereof to the husband.

No final decree in accounting can be submitted at this time because of the fact that no estate tax proceeding has been brought. An order may be submitted on notice incorporating the provisions of this decision if counsel so desire. Otherwise, the provisions of this decision may be set out in the decree settling the account.