Goldsborough John **WELCH**, *George Wilson* Welch, Leo George Welch, Albert Paul Welch, Eva Mary Harrington, Anna Celia Adams, Theresa Eva Smith, Alice Mae White and Elizabeth Mary Murphy, Plaintiffs,

v.

**William Claude WELCH et al., Defendants.**

Court of Chancery of Delaware.

New Castle.

Feb. 13, 1969.

—————◆—————

Arthur J. Sullivan, and Eduard von-Wettberg, III, Wilmington, for plaintiffs.

Arthur W. Koffenberger, Jr., Wilmington, for defendant Thomas M. Keith, Executor of the Last Will and Testament of James Claude Matthews, deceased.

Blaine T. Phillips, Wilmington, for defendants The Florence Crittenton Home and University of Delaware.

Sidney Balick, Wilmington, for defendants Boys' Club of Wilmington.

Thomas S. Lodge, Wilmington, for defendant Sunday Breakfast Mission.

Richard L. Sutton, Wilmington, for defendant St. Michael's Day Nursery.

John M. Bader, Wilmington, for defendant Delaware Humane Assn.

Jay H. Conner, Wilmington, for defendant Good Will Industries.

William E. Wiggin, Wilmington, for The Delaware Society for the Prevention of Cruelty to Animals.

Thomas Herlihy, Jr., Wilmington, for defendant The Salvation Army.

E. Dickenson Griffenberg, Jr., Wilmington, for defendant Home for Aged Women.

John Biggs, III, Wilmington, for defendant Opportunity Center, Inc.

SHORT, Vice Chancellor:

This is an action by heirs at law and next of kin of Mae M. Matthews seeking to impress a constructive trust for their benefit on property which the decedent owned jointly with her husband, James Claude Matthews. The case is before the court on the motion of defendant charitable corporations, twelve in number, for judgment on the pleadings.

For purposes of the motion the following facts are accepted as true: On December 24, 1966, Mae M. Matthews (Mae) was feloniously killed by her husband, James Claude Matthews (James), who thereafter committed suicide. At the time of Mae's death she and her husband, James, owned as tenants by the entireties properties of the approximate value of $300,000. Both Mr. and Mrs. Matthews died testate and their wills have been admitted to probate. The wills are reciprocal. After directing payment of debts and funeral expenses each provides as follows:

"ITEM II. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever the same may be at the time of my decease, including all property, interests and estates over which I may have any power of appointment, I give, devise and bequeath, absolutely and in fee simple, unto my husband [wife], JAMES CLAUDE MATTHEWS [MAE M. MATTHEWS], if he [she] shall live to survive me.

"ITEM III. In the event that my said husband [wife], JAMES CLAUDE MATTHEWS [MAE M. MATTHEWS], shall not live to survive me,

then I give, devise and bequeath my said residuary estate in equal shares unto the following: [then listing the twelve charitable corporations which are defendants in this action]."

Both wills, executed on August 17, 1965, named defenadnt Thomas M. Keith as executor.

The parties agree that determination of the issue presented is governed by Colton v. Wade, 32 Del.Ch. 122, 80 A.2d 923. They disagree, however, as to the conclusions to be drawn from the opinion and holding in that case. Chancellor Seitz there held that the pre-existing doubt as to survivorship raised by the killer's wrongful act is to be resolved against the killer and that the survivor holds the entire interest in property owned by the entirety upon a constructive trust for those other than the killer entitled to the estate of his co-tenant.

Plaintiffs contend that James' estate holds the entirety property upon a constructive trust and that since James in fact survived Mae the condition upon which the charities were to take has not occurred and the trust property passes to them by intestacy as the next of kin of Mae. Defendants contend that James should be treated as though he had predeceased Mae and that the condition to their taking has, therefore, occurred.

I am satisfied that plaintiff's contention is contrary not only to Mae's intention as expressed in her will, that is, that defendant charities were the alternative objects of her bounty to the exclusion of her next of kin, but also to the rationale of Colton. While that case was not concerned with competing interests to the estate of the victim of the killer the mere holding that the pre-existing doubt as to survivorship is to be resolved against the wrongdoer necessarily, in my opinion, leads to the conclusion that from the point of view of the law not only is the wrongdoer to be treated as though he had predeceased his spouse but the rights and interests of other persons, whether as heirs, next of kin, or, as

here, alternative beneficiaries, are to be determined upon that premise. The weight of authority supports this result. See Restatement, Restitution, § 187; 30 Harvard Law Review 625; In re Wilson's Will, 5 Wis.2d 178, 92 N.W.2d 282; Beck v. West Coast Life Insurance Co, 38 Cal.2d 643, 241 P.2d 544, 26 A.L.R.2d 979; Whitfield v. Flaherty, 228 Cal.App.2d 753, 39 Cal. Rptr. 857. Contra, In re Byers' Will, 208 Misc. 916, 144 N.Y.S.2d 68.[1] By way of analogy this court has held that election against, or renunciation or disclaimer of a testamentary gift is the equivalent of death where the time for determining the members of a class is made dependent upon the death of the person so electing, renouncing or disclaiming. Scotten v. Moore, 5 Boyce 545, 93 A. 373; Equitable Trust Co. v. Proctor, 27 Del.Ch. 151, 32 A.2d 422; Wilmington Trust Co. v. Jobling, C.A. No. 2052 (New Castle County-December 14, 1965). Moreover, the conclusion reached is aided by the presumption against intestacy and the policy of liberal construction of charitable gifts.

Plaintiffs contend that the fact of the murder's survival is specifically recognized in *Colton* where the Chancellor held that he "is entitled to receive the commuted value of the net income of one-half of the property for the number of years of his expectancy of life." But this recognition is of limited application. It is required to prevent infringement of vested rights. Compare, Neiman v. Hurff, 11 N.J. 55, 93 A.2d 345. It has no further significance.

■ In the circumstances presented I am satisfied that the felonious killing of Mae by James, the primary beneficiary of her will, raised a presumption in law that James predeceased Mae and, James having killed himself, that his estate holds the entirety property for the benefit of the chari-

ties as alternative beneficiaries in Mae's last will and testament.

■ Defendant charities argue that on the facts appearing there is no need for imposition of a trust. They point to the fact that they are the alternative beneficiaries named not only in Mae's will but in James' will as well. They contend that since James committed suicide following the murder he himself put it out of his power to in any way personally benefit by his wrongful act. Therefore, they say that equity will be served by a holding that title passes to the alternative beneficiaries through James' will. Concededly this argument is made to avoid possible tax consequences which may result from a holding that the charities derived title from Mae. But while defendants' contention has some appeal and tax consequences may, in appropriate circumstances, be a proper subject of judicial concern I am satisfied that a departure from the usual treatment is not here justified. That imposition of a constructive trust is the relief generally to be accorded in cases of this nature is clear. Colton v. Wade, supra; Nieman v. Hurff, supra; Vesey v. Vesey, 237 Minn. 295, 54 N.W.2d 385, 32 A.L.R.2d 1090. The grafting of exceptions can only serve to further complicate what is already a complicated situation. Rights of third persons such as creditors may be involved. And while it is the duty of the court to tailor the relief to be granted according to the circumstances of the case before it this is not to say that particular relief is warranted at the expense of becoming embroiled in the determination of a myriad of issues which are foreign to those upon which decision on the merits of the controversy depends. In any event I consider the imposition of a constructive trust in favor of the defendant charities as the appropriate medium of relief in this case.

1. Conceivably a devise or bequest in the will of the murdered spouse might be so worded as to require a construction that the death in fact of the killer is an absolute condition precedent to the right of alternative beneficiaries to take. See discussion in Scott on Trusts, § 492.5. Here the testamentary language is not susceptible of that construction.

■ Plaintiffs contend that if the court holds, as it has, that James is to be treated as though he predeceased Mae then testimony should be taken to determine what Mae would have intended had she foreseen the circumstances of her death. I consider such a procedure both unnecessary and undesirable. It is unnecessary since I am satisfied that Mae's intent can be gathered from the four corners of her will in the light of the then surrounding circumstances. It is undesirable as leading to speculation and uncertainty. Plaintiffs cite In re Wilson, supra, as authority for the suggested procedure. The facts in *Wilson* are readily distinguishable on this issue from the present case. Moreover, the rationale of *Wilson* as to cases of the instant kind generally is to the contrary.

An appropriate order may be presented on notice.