KATHERINE MAHAR, as Administratrix, etc., of JOHN MAHAR, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Appeal by the defendant from a judgment of the Supreme Court in favor of plaintiff for $1,521.58 rendered upon the verdict of a jury and entered in the Rensselaer county clerk's office on May 15, 1940. This action is for accidental death benefits under an industrial life insurance policy which provided for the payment of such extra benefit upon receipt of proof that the insured had sustained " bodily injuries, solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the insured." Insured died, September 23, 1939, as the result of a stab wound from a knife in the hands of his wife, the plaintiff-respondent here. The proof showed that insured was attacking his wife, that he struck her several times in their home, she then grabbed her coat, ran downstairs and out into the street while the insured pursued her. He there caught up with her and again struck her and kept hitting her in the face and about the body. When she grabbed her coat there was a knife in it and insured saw the knife and asked her why she didn't stab him. She replied that there were easier ways than that, apparently referring to the fact that on previous occasions she had him arrested for assault. She was backed up against an automobile. As he struck her in the face she threw up her hands. Then as he struck her in the stomach her hand came down and the knife entered his body. He fell back and died very shortly. Her testimony in this regard is undisputed. A neighbor woman who saw the affair was attempting to protect the child of the insured and his wife and did not see the actual occurrence when the insured was stabbed. The jury first rendered a special verdict to the effect that the insured did not have reasonable grounds to believe that the continuance of his assault upon his wife would render likely a counter-attack by her which would cause his death. After this special verdict the jury gave a general verdict in favor of the plaintiff. This appellant contends that the death of the insured was not caused by accidental means within the terms of the policy and argues that although the resulting death was accidental, the means which produced it were not, and, therefore, there can be no recovery. While the result was unforeseen, the injuries were the probable consequences of his assault upon his wife. Under the proof the jury was fully justified in accepting the plaintiff's version of the affray and her claim that she did not intend to inflict the injuries from which her husband died. Her testimony in this regard is undisputed save for the inferences to the contrary. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.