Nathan R. Sobel, S.
This decedent was stabbed to death by his paramour. She is the named beneficiary of a small insurance policy on his life. The Public Administrator, in his petition to settle this account, requests the court to determine who is entitled to the proceeds.
The killer is not a distributee. We do not have here the question whether a killer may either as a distributee or legatee benefit from the estate of his victim. (See Matter of Bobula, 19 N Y 2d 818; Riggs v. Palmer, 115 N. Y. 506; Petrie v. Chase Manhattan Bank, 38 A D 2d 206; Matter of Jacobs, 2 A D 2d 774, affd. 3 N Y 2d 723; Bierbrauer v. Moran, 244 App. Div. 87; Matter of Byers, 208 Misc. 916; Matter of Drewes, 206 Misc. 940; Matter of Sparks, 172 Misc. 642.)
*1027 Nevertheless, the law is the same whether we consider the right to inherit o.r the right to collect the proceeds of insurance. Public policy in this State denies benefits in both instances.
The right to inherit was at issue in Riggs v. Palmer (115 N. Y. 506, 511-512, supra): “No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law administered in all civilized countries and have nowhere been superseded by statutes.”
The right of a beneficiary to collect the proceeds of an insurance policy was at issue in New York Mut. Life Ins. Co. v. Armstrong (117 U. S. 591, 600). The court stated: “ it would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of a party whose life he had feloniously taken.” (See, also, Matter of Kaplan, 49 Misc 2d 335; Ann., “ Insurance — Homicide by Beneficiary ”, 27 ALB 3d 794.)
A 1 ‘ forfeiture ’ ’ must be proved. When the killer has been convicted of intentional homicide (murder or voluntary manslaughter) no hearing is probably necessary. In all other eases a hearing must be had to establish a forfeiture, i.e., proof that the beneficiary intentionally and feloniously took the life of the insured. When there has been a conviction of a crime other than intentional homicide, proof may be offered of the criminal conviction but a full hearing is required. Such is also the requirement when the killer is dead (generally suicide) or committed to an institution for the insane. (See discussion of cases in other jurisdictions in McGovern, ‘ ‘ Homicide and Succession to Property ”, 68 Mich. L. Bev. 65, 90-102 [Nov. 1969].)
One who kills in self-defense or by accident or while insane does not forfeit either the right to inherit or the proceeds of a policy. (Mahar v. Metropolitan Life Ins. Co., 260 App. Div. 961 [self-defense]; Commercial Travellers Mut. Acc. Assn. v. Witte (Ky.: applying New York law) 406 S. W. 2d 145, 27 ALR 3d 784, 803 [involuntary manslaughter]; Matter of Fitzsimmons, 64 Misc 2d 622 [insanity]; Matter of Lupka, 56 Misc 2d 677 [insanity]; Matter of Wirth, 59 Misc 2d 300 [insanity] ; Matter of Eckardt, 184 Misc. 748 [insanity].)
In this case, the paramour was indicted for intentional manslaughter and pleaded guilty to felonious assault. A hearing establishes that the killing was intentional and felonious. She has forfeited her right to the proceeds of the policy.
*1028 The insurer has offered no defense to payment under the terms of the policy. (See Mackowiak v. Polish Union of America, 236 App. Div. 44.) Having paid the proceeds into court and there being no alternative beneficiary named in the policy, the Public Administrator shall distribute as in intestacy. The decedent’s lawful wife has appeared by an attorney. She is entitled to the entire proceeds which will be less than $2,000 (EPTL A-l.l, subd. [a], par. [1]).