OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this discovery proceeding, the petitioner executor seeks to compel the Continental Insurance Company (carrier) to pay the proceeds of a life insurance policy on decedent’s life to the estate instead of to the named beneficiary decedent’s husband, Kurtis Brown. Brown has been convicted of second degree murder in connection with the death of the decedent. New *172 York law is clear that a beneficiary of life insurance forfeits any rights to the insurance proceeds where there is proof that the beneficiary intentionally took the life of the insured. (Riggs v Palmer, 115 NY 506; Matter of Loud, 70 Misc 2d 1026; Matter of Wells, 76 Misc 2d 458.) Where the beneficiary has been convicted of intentional homicide after trial, no civil hearing is necessary to establish forfeiture. (Matter of Loud, supra, at p 1027.) Since the matter of the conviction of the beneficiary is the subject of an appeal to the Appellate Division, Fourth Department, the issue is raised at this point with respect to the refusal by the carrier to pay the proceeds pending the appeal.
The petitioner maintains that a criminal conviction is conclusive proof of its underlying facts and is the proper subject of a collateral estoppel in any subsequent civil litigation. (S. T. Grand, Inc. v City of New York, 32 NY2d 300.) Thus, it is reasoned that the surviving spouse’s criminal conviction of intentional murder conclusively proves the elements of the intentional killing necessary for forfeiture of his rights under the policy. He is therefore collaterally estopped from relitigating those issues in a subsequent civil action.
The Legal Aid Society through attorney James R Boyle advances the view on behalf of the convicted husband, that the guidelines for the establishment of a collateral estoppel to prevent Mr. Brown from obtaining the proceeds of the insurance are not applicable here. (Schwartz v Public Administrator, 24 NY2d 65.) Cited by both sides is Duverney v State of New York (96 Misc 2d 898). Curiously enough language in Duverney does indeed support both arguments. Of particular interest to this court, however, is the following language in Duverney (supra, at pp 910, 911) "consideration of the existence of an appeal * * * [was] one of the factors [to be] considered * * * under the full and fair opportunity [aspect of the] doctrine” — referring to the full and fair opportunity doctrine as enunciated in Schwartz v Public Administrator (supra, at p 71).
The court finds equally cogent the language in Read v Sacco (49 AD2d 471, 474), wherein the court said "collateral estoppel should not be blindly applied to multiple litigation on the basis of a rigid rule; each case must be examined to determine whether under all the circumstances, the party said to be estopped was not unfairly or prejudicially treated in the litigation in which the judgment sought to be enforced was rendered.” While strict construction would hold that the *173 pendency of an appeal does not affect the judgment’s use of an estoppel (Sullivan v Ringler & Co., 69 App Div 388; see also, 9 Carmody-Wait 2d, NY Prac § 63:215), it would appear that the full and fair opportunity doctrine of Schwartz (supra) requires the court to consider the existence of an appeal before determining the forfeiture. Since the court has been informed that the appeal has been perfected for argument at the September 1986 Term of the Appellate Division, Fourth Department, and for all of the other reasons herein set forth, the court finds that the funds heretofore ordered payable by the carrier to the executor to be held by him in escrow pending a final determination of the forfeiture issue and that the matter be continued, pending the finalization of the judgment of murder and the further order of this court.