OPINION OF THE COURT
Harold Tompkins, J.
This case raises the issue of the circumstances under which an insurer can refuse payment of the proceeds of a life insurance policy based solely on suspicion of the beneficiary’s *81 involvement in a homicide. This issue arises out of the defendant American General’s motion for summary judgment dismissing the plaintiff’s complaint for the proceeds of the insurance policies taken out on her two sons. Plaintiff also seeks attorneys’ fees and punitive damages.
In November 1984, Ms. Doe took out a life insurance policy for herself and her three sons. The death benefit payable for each of the children was $5,000. On February 20, 1985, plaintiff’s two older sons, aged 10 and 6, were murdered.
American General has a standard policy in all cases where an insured is a homicide victim. This procedure is to determine whether the beneficiary is involved in the homicide. In this case the defendant insurer has contacted the police and been advised that Ms. Doe is a suspect in her children’s murders. In the three years since the murders, American General has periodically contacted the detective assigned to the case as well as the Bronx District Attorney’s office. On each occasion it has been informed that Ms. Doe is a suspect and the insurance policy should not be paid.
It is long settled that no one may profit by his own wrong (Riggs v Palmer, 115 NY 506 [1889]). A beneficiary of a life insurance policy forfeits any rights to the proceeds if the beneficiary has intentionally killed the insured (Boatwright v Hartford Ins. Group, 64 AD2d 262 [4th Dept 1978]; Matter of Brown, 132 Misc 2d 171 [Sur Ct, Monroe County 1986]).
Generally, this issue has arisen after the criminal conviction of the beneficiary or inheritor (see, Matter of Loud, 70 Misc 2d 1026 [Sur Ct, Kings County 1972]; Matter of Kaplan, 49 Misc 2d 335 [Sur Ct, Nassau County 1966]). If one kills in self-defense, there is no forfeiture (see, Mahar v Metropolitan Life Ins. Co., 260 App Div 961 [3d Dept 1940]). The essential element of the principle is that a wrongdoer not profit from intentional misdeeds.
The wrongdoing is established when there is a conviction of an intentional homicide. In a subsequent civil action, the facts may be established through a motion for summary judgment since the criminal conviction provides the requisite proof (see, Matter of Loud, 70 Misc 2d 1026, supra). In the absence of conviction, the facts must be established through the ordinary means of testimony at trial.
In this case, the plaintiff has not been convicted nor even arrested. She is a suspect and is presumed innocent until proven guilty. There is no Statute of limitations for murder *82 or any class A felony (CPL 30.10). The defendant insurer cannot wait without paying on its policy unless plaintiffs complicity is established. Its motion to dismiss plaintiffs cause of action for the contractual proceeds of the insurance policy is denied. If it establishes the plaintiffs complicity at trial, the proceeds will be withheld.
The defendant insurer’s actions in waiting and attempting to ascertain her involvement in the murder were proper and reasonable. They cannot form the basis of a claim for punitive damages (see, Walker v Sheldon, 10 NY2d 401 [1961]; Royal Globe Ins. Co. v Chock Full O’Nuts Corp., 86 AD2d 315 [1st Dept 1982]). Plaintiff has shown no basis to claim attorneys’ fees. The second and third causes of action for attorneys’ fees and punitive damages are dismissed.