**METROPOLITAN LIFE INSURANCE CO., Plaintiff–Appellee,**

v.

**Teddy O. WHITE, Defendant–Appellee,**

v.

**Leslie W. Yohey, Defendant–Appellant.**

No. 92–5539

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1992.

Rehearing Denied Oct. 16, 1992.

---

Leslie W. Yohey, pro se.

Jane Elizabeth Bockus, Russell Wilson, Clemens & Spencer, San Antonio, Tex., for Metropolitan Life Ins. Co.

Robert M. Smith, Beckman, Quirk & Fulton, San Antonio, Tex., for Teddy O. White.

Before POLITZ, Chief Judge, HIGGINBOTHAM and WIENER, Circuit Judges.

POLITZ, Chief Judge:

Leslie W. Yohey appeals an adverse summary judgment dismissing his claim for life insurance proceeds against Metropolitan Life Insurance Co. Finding no error, we affirm.

## Background

Terri Yohey was the named insured under a group life insurance policy issued by Metropolitan under the Federal Employees Group Life Insurance Act (FEGLIA).[1] At the time of her death she had not designated a beneficiary. Her widower, Leslie Yohey, was convicted of her murder. The Court of Appeals for the Fourth Supreme Judicial District of Texas affirmed the conviction in 1990, and the Texas Court of Criminal Appeals refused to review the case in 1991.

Metropolitan brought this declaratory judgment action to determine the policy beneficiary. The district court held that under Texas law Leslie Yohey's interest in the policy was forfeited because of the murder conviction. The court granted summary judgment in favor of Metropolitan and declared Terri Yohey's father, Teddy O. White, to be the beneficiary. Leslie Yohey timely appeals.

## Analysis

We review the district court's grant of a summary judgment *de novo*. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]

Under both the policy and the FEGLIA, insurance proceeds are payable to an insured's widow or widower in the absence of a designated beneficiary.[3] The term widower is not defined by either the policy or the FEGLIA. This court has held, however, that in the absence of a policy or a FEGLIA definition, the term "widow" means "lawful widow" as defined by state law.[4] Article 21.23 of the Texas Insurance

---

1. 5 U.S.C. §§ 8701–16.

2. Fed.R.Civ.P. 56(c).

3. *See* 5 U.S.C. § 8705(a).

4. *Spearman v. Spearman,* 482 F.2d 1203 (5th Cir.1973) (Where two wives claimed widow status with regard to a FEGLIA policy, state law determined who was the "lawful widow."); *see also Metropolitan Life Insurance Co. v. Rupe,* 908 F.2d 977 (9th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 762, 112 L.Ed.2d 781 (1991) (table: unpublished disposition without controlling authority in the Ninth Circuit) (citing *Spearman* and holding that California law prohibiting a murderer from collecting as a life insurance beneficiary applies to a FEGLIA policy); *Metropolitan Life Insurance Co. v. Manning,* 568 F.2d 922 (2d Cir.1977) (state law definition of marriage applies to a FEGLIA claim).

Code provides that "the interest of a beneficiary in a life insurance policy ... shall be forfeited when the beneficiary is the principal or an accomplice in willfully bringing about the death of the insured." [5] Similarly, the Texas Probate Code states that one who is convicted and sentenced for willfully bringing about the death of an insured is ineligible to collect life insurance proceeds as a beneficiary. [6] The district court held, therefore, that Leslie Yohey's claim to the life insurance was forfeited.

Yohey contends that Texas law cannot be used to disqualify him from a federal statutory right granted in the FEGLIA. He misperceives our holdings. In Spearman we held that the FEGLIA should be interpreted consistent with state terms defining domestic relations, [7] citing the Supreme Court's decision in *De Sylva v. Ballentine.* [8] In applying the state definition of "children" to federal copyright law, the *De Sylva* Court explained:

> The scope of a federal right is, of course, a federal question, but that does not mean that its content is not to be determined by state, rather than federal law. This is especially true where a statute deals with a familial relationship; there is no federal law of domestic relations, which is primarily a matter of state concern. [9]

Our colleagues in the Seventh Circuit have held, for example, that the test for incorporation of a state law into the FEGLIA is determined by a balancing of the need for uniform national law to achieve a federal statutory purpose and the state's interest in the resolution of a particular case. [10] Applying this test, they then used state constructive trust principles to resolve a FEGLIA dispute.

Even if the homicide forfeiture rule were not the type of state domestic relations law that supplements the FEGLIA, that would not be dispositive herein, however, because the federal common law provides the same bar to recovery of life insurance proceeds by the murderer of the insured. [11] We similarly dismiss Leslie Yohey's alternative arguments urging the application of the laws of either New York or the District of Columbia; both jurisdictions provide that a conviction for killing the insured vitiates beneficiary status. [12]

Leslie Yohey also maintains that his criminal trial was constitutionally infirm and that the district court erred in relying upon it for proof of his conviction. Yohey has exhausted his direct appeal; his conviction is final. [13] The conviction alone triggers the forfeiture rule as a matter of state law, [14] and, in addition, is conclusive as a matter of federal law. [15]

---

5. TEX.INS.CODE art. 21.23 (Vernon Supp.1992).

6. TEX.PROB.CODE § 41(d) (Vernon 1980).

7. *Spearman,* 482 F.2d at 1204–05.

8. 351 U.S. 570, 76 S.Ct. 974, 100 L.Ed. 1415 (1956).

9. 351 U.S. at 580, 76 S.Ct. at 980 (citations omitted).

10. *Rollins v. Metropolitan Life Ins. Co.,* 863 F.2d 1346 (7th Cir.1988) (citing *United States v. Standard Oil Co.,* 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947)).

11. *New York Mutual Life Insurance Co. v. Armstrong,* 117 U.S. 591, 6 S.Ct. 877, 29 L.Ed. 997 (1886); *see also Moore v. Moore,* 228 Ga. 489, 186 S.E.2d 531 (1971) (regardless of whether state law or federal law applies in a FEGLIA case, federal common law provides the same bar to a murderer's recovery); *Insurance— Homicide & Beneficiary,* 27 A.L.R.3d 794, 802 (1969) (proclaiming general rule).

12. *See In re Estate of Brown,* 132 Misc.2d 171, 503 N.Y.S.2d 532 (1986); *Napoleon v. Heard,* 455 A.2d 901 (D.C.App.1983).

13. *See, e.g., Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

14. *See* TEX.PROB.CODE § 41(d).

15. *Hardin v. Aetna Casualty & Surety Co.,* 384 F.2d 718 (5th Cir.1967), *cert. denied,* 391 U.S. 971, 88 S.Ct. 2047, 20 L.Ed.2d 886 (1968) (conviction for transportation of stolen moneys was conclusive proof of claimant's inability to collect burglary insurance in subsequent civil proceeding); *see also Howard v. I.N.S.,* 930 F.2d 432 (5th Cir.1991) (finding in criminal case triggers doctrine of collateral estoppel in later deportation proceedings); *U.S. v. "Monkey,"* 725 F.2d 1007 (5th Cir.1984) (criminal judgment precluded relitigation of issue in subsequent forfeiture proceeding); *United States v. Thomas,* 709 F.2d 968, 972 (5th Cir.1983) ("Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution,

For the reasons assigned, the judgment of the district court is AFFIRMED.

a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action.").