■ In the Matter of the Estate of RICHARD BARRETT, Deceased. JANE BARRETT, Appellant; ICELENE BARRETT, Respondent. [637 NYS2d 751] —In a proceeding to settle the final account of the estate of Richard Barrett, the appeal is from an order and decree (one paper) of the Surrogate's Court, Orange County (Slobod, S.), dated August 25, 1994, which granted the motion of the objectant Icelene Barrett for partial summary judgment and declared that she was entitled to the proceeds of a certain life insurance policy.

Ordered that the order and decree is reversed, on the law, with costs payable by Icelene Barrett personally, and the motion is denied.

Icelene Barrett shot and killed her husband, Richard Barrett, and was indicted for murder in the second degree. At trial, she claimed to have acted in self-defense. Although she was convicted of manslaughter in the first degree, this Court

reversed her conviction based on certain erroneous evidentiary rulings and dismissed the indictment with leave to the People to re-present *(see, People v Barrett,* 189 AD2d 879). Upon re-presentation, the Grand Jury did not return an indictment.

Mrs. Barrett was the named beneficiary of the decedent's life insurance policy, the proceeds of which had been turned over to the decedent's estate pursuant to an order entered in an interpleader action. The coadministrator of the estate subsequently commenced this proceeding to judicially settle her final account and sought to distribute the proceeds of the policy to the decedent's children. Mrs. Barrett filed objections to the account and moved for partial summary judgment, contending that she was entitled to the proceeds of the policy.

A beneficiary of a life insurance policy forfeits the right to the proceeds if he or she intentionally kills the insured *(see, Riggs v Palmer,* 115 NY 506, 512; *Boatwright v Hartford Ins. Group,* 64 AD2d 262, 263). However, if the beneficiary acts in self-defense, there is no forfeiture *(see, Mahar v Metropolitan Life Ins. Co.,* 260 App Div 961; *Matter of Loud,* 70 Misc 2d 1026, 1027).

In this case, there is an issue of fact as to whether Mrs. Barrett acted in self-defense. Neither the reversal of her conviction in the criminal action based on erroneous trial rulings nor the Grand Jury's decision not to return a second indictment established as a matter of law that she was not criminally responsible for the decedent's death for the purposes of this civil proceeding *(see, People v Estes,* 202 AD2d 516, 517; *People ex rel. Pickett v Ruffo,* 96 AD2d 128, 129-130). Consequently, the Surrogate erred in granting the motion. The issue of fact as to whether she acted in self-defense must be resolved at trial.

The petitioner's contention that the Surrogate should have directed Mrs. Barrett to consent to the unsealing of the record in the criminal case is not properly before us on this appeal as the petitioner never appealed from the order of the Surrogate's Court denying her application. Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.