■ ESTATE OF LINDA R. GRIECO, Deceased, Appellant, v BANKERS AMERICAN LIFE ASSURANCE COMPANY, Respondent. [674 NYS2d 408] —In an action to recover proceeds of a life insurance policy, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), dated March 26, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered May 8, 1997, which, upon the order, dismissed the complaint. The notice of appeal from the order is deemed to also be a premature notice of appeal from the judgment (see, CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion is denied, the order is vacated, and the complaint is reinstated; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The decedent was co-applicant and co-insured with her husband under the insurance policy in issue. Her designated beneficiary was her "legal spouse, otherwise insured's estate". Her husband, Peter L. Grieco, was convicted of murder in the second degree in connection with her death. Therefore, the law presumes that she outlived her spouse, and the policy proceeds are not payable to the decedent's designated beneficiary. Generally, in such cases, the policy proceeds are payable to the decedent's estate (see, Matter of Byers, 208 Misc 916; Matter of Sparks, 172 Misc 642; Welch v Travelers' Ins. Co., 178 NYS 748, 751-752).

The defendant insurance carrier seeks to avoid paying the policy proceeds to the decedent's estate, based on its contention that her husband procured it as part of a fraudulent scheme to murder her. The defendant acknowledges that the decedent was not a participant in this scheme, but asserts she was an "innocent instrumentality" of her husband (*New England Mut. Life Ins. Co. v Null*, 605 F2d 421, 422; *cf., Goldstein v New York Life Ins. Co.*, 225 App Div 642, 647).

In order to avoid payment of the policy proceeds, the defendant must establish by proof of extrinsic facts (*see, Meyer v Johnson*, 7 Cal App 2d 604, 46 P2d 822) that the decedent had no independent motivation to insure her own life, and that her sole motivation for procuring the insurance was supplied by the beneficiary who planned the murder to procure the insurance (*see, Cerro Gordo Charity v Firemen's Fund Am. Life Ins. Co.*, 819 F2d 1471, 1476; *New England Mut. Life Ins. Co. v Null, supra*).

In the instant case, the defendant failed to establish its entitlement to judgment as a matter of law (*see, Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982). One could infer from the evidence submitted by the defendant in support of its motion for summary judgment that the decedent did, indeed, procure the insurance for her own purposes, to wit, to preserve her home and support her family. According to Peter L. Grieco, the insurance policy, which was procured through Long Island Savings Bank, went into effect with a mortgage procured by Linda R. Grieco and Peter L. Grieco. At the time of her death, the decedent was employed by the United States Post Office, held other insurance on her life, presumably for her own purposes, and was the primary source of support of herself and her family, which included a daughter and infant granddaughter living with her and Peter L. Grieco.

Accordingly, the defendant's motion for summary judgment is denied. Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.