OPINION OF THE COURT
Wayne P. Saitta, J.
Plaintiff, Mordechai Halberstam, as trustee of the MN Irrevocable Life Insurance Trust (hereinafter plaintiff), moves this court for an order pursuant to CPLR 3212 for summary judgment against the defendant and granting further relief as this court deems just and proper.
Plaintiffs motion for summary judgment is granted for the reasons set forth below.
Facts
The Leo G. Family Trust purchased a policy on the life of Leo Goodstein. The policy was issued on February 25, 2005 for $5 million. The named insured on the policy was Leo Goodstein. The named owner of the policy was the Leo G. Family Trust. The named trustee of the owner was Aharon Rochman. The named beneficiary on the policy was the Leo G. Family Trust which was to receive 100% of the benefit.
*499 In October 2008, the beneficiary of the policy was changed from the Leo G. Family Trust to the plaintiff, the MN Irrevocable Life Insurance Trust.
Leo Goodstein died on March 18, 2009 of natural causes. Notice of claim was subsequently filed by the MN Irrevocable Life Insurance Trust with defendant United States Life Insurance Company in the City of New York (US Life).
After the death of Leo Goodstein, US Life declined to pay on the policy and conducted an investigation. It hired an investigator who stated that Leo Goodstein was in a nursing home at the time he died. US Life alleges that a comparison of the blood tests taken of Leo Goodstein while in the nursing home, with those taken of the individual who submitted for the insurance company’s exam, reveals the two samples were taken from different individuals.
US Life argues that an imposter pretending to be Leo Good-stein completed and signed the application and submitted to a paramedical exam, for the policy, during which blood and urine were collected for analysis. US Life states that it relied on the samples obtained in issuing the policy to the imposter.
The life insurance policy included an incontestability clause, which provided that, “except for non payment of premiums and material misrepresentations, we will not contest this policy after it has been in force during the lifetime of the insured for two years from the date of issue.”
The plaintiff, the MN Irrevocable Life Insurance Trust, commenced this action to seek recovery of the policy on July 2, 2009.
Arguments
Plaintiff moves for summary judgment arguing that while US Life alleges that an imposter fraudulently applied for the policy, it brings no evidence to support these allegations.
Plaintiff argues that the Insurance Law imposes onto all life insurance policies a prohibition on contesting life insurance policies after a period of two years from the date of issue. Plaintiff further argues that the statute does not provide for challenge after the two-year period even if based on fraud or material misrepresentation.
Plaintiff further argues that the incontestability clause in the policy, which makes an exception to the two-year time period for material misrepresentation, is superceded by the statute, and therefore it is not enforceable.
*500 US Life argues that the policy issued to the Leo G. Family Trust is void ah initio based upon fraud in the execution. It argues that an imposter signed the application for the policy on Leo Goodstein, and that an imposter made false representations to defendant, upon which defendant relied in issuing the policy.
Defendant states that both due to fraud and the fact that the applicant was not, in fact, Leo Goodstein, the policy is void and the motion for summary judgment should be denied.
Third-party defendant Mendelovitz is the broker for the policy at issue. He joins in plaintiffs motion, and argues that there is no medical basis to support defendant’s allegation that the applicant was not Leo Goodstein.
Analysis
Insurance Law § 3203 (a) (3) requires all life insurance policies to include a standard incontestability clause which provides “that the policy shall be incontestable after being in force during the life of the insured for a period of two years from its date of issue.”
The New York statute does not provide any basis to challenge the policy once the two-year period has run.
There is a narrow exception to the incontestability clause. Where an imposter signs the application for a policy, the named insured is in fact a stranger to the contract, and does not have the benefit of the incontestability clause contained in the policy. (American Mayflower Life Ins. of N.Y. v Moskowitz, 2003 WL 25668226 [Sup Ct, NY County 2003].) The court in Mayflower held that when a man pretends to be another and enters into a contract, the contract is formed with the person seen and dealt with, and not the individual whose name was used. (Id.)
Significantly, the court held not that the contract was void ah initio, but that the contract was with the imposter, rather than with the named insured.
The Eastern District in Berkshire Settlements, Inc. v Ashkenazi (2011 WL 5974633, 2011 US Dist LEXIS 136663 [ED NY, 09-CV-0006 (FB) (JO), 2011]), reiterated that the incontestability clause could not be raised by a stranger to the policy, and if an imposter had purchased the policy, the named insured would be a stranger to it.
But where, as here, a trust was the undisputed purchaser, owner and beneficiary of the policy, the trust is not a stranger to the policy, even where the insured did not consent to its *501 purchase. (Berkshire Settlements, Inc. v Ashkenazi, 2011 WL 5974633, 2011 US Dist LEXIS 136663 [2011].)
The Leo G. Family Trust, the owner and beneficiary of the policy, was not a stranger to the contract, and therefore is entitled to have the benefits paid to its beneficiaries. Since there is no allegation that the change of beneficiary was fraudulent, the plaintiff MN Irrevocable Life Insurance Trust was properly assigned the benefits of the policy and therefore has standing to assert the protections of the incontestability clause.
Even assuming the Leo G. Family Trust obtained the policy by fraudulent means and an imposter did in fact sign the application for the policy, since the insurer did not challenge it within the two-year period, under Insurance Law § 3203 (a) (3), the insurer may not raise those objections now.
The defendant also claims that the policy is void for a lack of insurable interest because the Leo G. Family Trust had no familial or legal interest in the life insured under the policy.
The Eastern District in Berkshire Settlements, Inc. v Ashkenazi (2011 WL 5974633, 2011 US Dist LEXIS 136663 [2011]), applying New York law and relying on the Court of Appeals case of New England Mut. Life Ins. Co. v Caruso (73 NY2d 74, 78 [1989]), determined that contracts without an insurable interest or consent of the insured are not void ab initio, but may be challenged within the two-year contestability period. The court weighed the policy considerations of a lack of insurable interest and a lack of consent of the insured against the policy interest of the incontestability clause, that is, preventing the forfeiture of contracts.
The Caruso Court acknowledged that at one time, the New York State Insurance Law provided that policies undertaken without an insurable interest were void. It then considered the 1939 recodification of the Insurance Law which it noted prohibited policies without an insurable interest from being “procured,” whereas the earlier law prohibited such policies from being “issued.” It concluded that the change in the language of the prohibition meant that such insurance policies were no longer void ab initio. The Court also cited the added section 3205 (b) (4) which permits recovery by a named insured of proceeds paid to a policyholder that does not have an insurable interest, as evidence that such policies are not void. The Court concluded that policies without an insurable interest are not void ab initio but may be contested by the insurer provided that they do so during the two-year contestability period. (New England Mut. Life Ins. Co. v Caruso, 73 NY2d 74 [1989].)
*502 In applying a similar analysis, the Berkshire court considered whether the lack of consent of the insured, as required by Insurance Law § 3205 (c), was an exception to the incontestability clause. The Berkshire court determined that because the consent of the insured is part of the same statutory scheme as the insured interest requirement, which is overridden by the policy consideration of preventing forfeiture of contracts, it also fails to create an exception to the incontestability clause. (Berkshire Settlements, Inc. v Ashkenazi, 2011 WL 5974633, 2011 US Dist LEXIS 136663 [2011].) The fact that Leo Goodstein did not consent to the issuance of the policy on his life is insufficient to void the contract after the contestability period has run.
Conversely, in Settlement Funding, LLC v AXA Equitable Life Ins. Co. (2010 WL 3825735, 2010 US Dist LEXIS 104451 [SD NY, 06 CV 5743 (HB), Sept. 30, 2010]), the Southern District Court held that misstatements, in procuring a life insurance policy, together with a lack of insurable interest, may be grounds to contest the policy after two years despite the incontestability clause. The court acknowledged that the statute did not provide for any exception to the incontestability clause for lack of an insurable interest but concluded that the statute encouraged fraud.
This court finds the reasoning in Settlement Funding unpersuasive. The legislature specifically permitted insurers to include exceptions to the incontestability clause for fraud in disability and health insurance policies (Insurance Law § 3216), but did not provide for such an exception for life insurance policies. (Insurance Law § 3203 [a] [3].)
The tension between prohibition on life insurance policies where there is not an insurable interest and the mandated incontestability clause involves competing public policies. The former seeks to prevent fraud while the latter seeks to provide assurance that a life insurance policy cannot be contested after a party had paid premiums and is no longer available to answer allegations of fraud. Balancing of these competing public policies is properly left to the legislature, especially where it has enacted specific statutory provisions dealing with the issue.
By reason of the foregoing, plaintiff, the MN Irrevocable Life Insurance Trust, as a bona fide assignee of the Leo G. Family Trust, which purchased the policy, is entitled to the benefit of the policy.
Wherefore, plaintiff’s motion for summary judgment is granted and it is hereby ordered that plaintiff is awarded judg *503 ment against the defendant in the sum of $5 million with interest from March 18, 2009.